**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 23-111-DLB**

**MICHAEL J. MAYHEW**                                                                                         **PETITIONER**

**v.**                                    **MEMORANDUM OPINION AND ORDER**

**DAVID LEMASTERS, WARDEN**                                                                        **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

In November 2021, Michael Mayhew pleaded guilty to four counts of receiving and possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (A)(5)(b). *United States v. Mayhew*, No. 5:21-CR-373-GTS-1 (N.D.N.Y. 2021). Mayhew is now serving his 200-month sentence at a federal prison in Ashland, Kentucky. Mayhew has filed a Section 2241 petition for habeas corpus relief, contending that the Bureau of Prisons ("BOP") erred when it "bundled" his Section 2252A conviction with other disqualifying child pornography offenses, thus rendering him ineligible to receive sentencing credits under the First Step Act of 2018 ("FSA"). Mayhew also suggests that the language in the FSA itself is "excessively vague and indefinite." (Doc. # 1).

The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021). Having done so, the Court will deny the petition as wholly meritless. Put simply, Mayhew contends that "when Congress wrote the FSA, the body never intended for everyone with a 2252A charge to become ineligible for the benefits of the FSA." (Doc. # 1 at 12). However, the plain text of the statute proves just

1

the opposite.  The pertinent sections of the FSA are codified in 18 U.S.C. § 3632, which provides that:

> (D)   A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
>
> (xlii)   Section 2252A, relating to certain activities involving material constituting or containing child pornography.

18 U.S.C. § 3632(d)(4).  In sum, the BOP did not need to "bundle" Mayhew's conviction under Section 2252A with other offenses to find him ineligible for FSA credits; that outcome is mandated by the plain text of the statute itself.  Nor is there any vagueness in the statutory text, which unambiguously disqualifies those convicted of certain enumerated offenses from receiving FSA credits.  *Cf. Sessions v. Dimaya*, 138 S. Ct. 1204, 1212 (2018) (noting that in its strictest form, the vagueness standard applicable to criminal statutes requires "that ordinary people have 'fair notice' of the conduct a statute proscribes.").

Accordingly, it is **ORDERED** as follows:

(1)   Michael Mayhew's petition (Doc. # 1) is **DENIED**.

(2)   The Court **CERTIFIES** that any appeal would not be taken in good faith.

(3)   This action is **STRICKEN** from the Court's docket.

This 29th day of November, 2023.



Signed By:
*David L. Bunning*   DB
United States District Judge